# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SHAWN C. RUTLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:16-CV-182 (MTT) |
| ) | |
| Warden STANLEY WILLIAMS, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the Court is the Recommendation (Doc. 12) of U.S. Magistrate Judge Charles H. Weigle. The Magistrate Judge recommends the Court grant the Respondent's Motion to Dismiss (Doc. 9) the Petitioner's § 28 U.S.C. 2254 habeas corpus petition for failure to comply with the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). Doc. 12 at 1. The Petitioner has objected to the Recommendation (Doc. 13), specifically the Magistrate Judge's determination that the Petitioner has not established "extraordinary circumstances" to justify equitable tolling and that the application of AEDPA's one-year statute of limitations does not infringe on the Petitioner's Fifth Amendment due process rights. Doc. 13 at 1, 4. The Court has performed a de novo review of the portions of the Recommendation to which the Petitioner objects, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED as amended** and made the order of this Court.

The Court agrees with and adopts the Magistrate Judge's finding that the Petitioner did not establish an "extraordinary circumstance" to warrant equitable tolling. Doc. 12 at 8. The trial judge's instructions were not "affirmatively misleading" and, further, any potential confusion on the Petitioner's part was mitigated by the fact that he was represented by counsel at the time. As the Magistrate Judge pointed out, the Petitioner's trial counsel in fact stated that he discussed the statute of limitations with the Petitioner. Doc. 11-1 at 4. Nothing else in the record corroborates that Petitioner's trial counsel properly explained the statute of limitations issue or establishes whether trial counsel worked to clarify any misunderstanding on the part of the Petitioner. But even if counsel failed to do so, such a failure does not warrant equitable tolling. Whether attorney negligence could rise to a level to qualify as an "extraordinary circumstance" is unclear.[1] However, even if it could, the record does not support anything more than mere negligence on the part of the Petitioner's trial counsel, if that. Moreover, "pro se litigants, like all others, are deemed to know of the one-year statute

---

[1] The Recommendation states that "attorney negligence, however gross or egregious, does not qualify as an extraordinary circumstance for purposes of equitable tolling." Doc. 12 at 8 (quoting *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015)). However, the accuracy of this statement is unclear. *See generally Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216 (11th Cir. 2017). The Supreme Court appeared to move away from this rigid standard and instead expressed that gross negligence or misconduct—such as an attorney abandoning the representation of a client—could potentially rise to the level of an "extraordinary circumstance" warranting equitable tolling of AEDPA's statute of limitations. *See generally Holland v. Florida*, 560 U.S. 631 (2010) (disapproving of the appeals court's rigid standard that attorney negligence could not warrant equitable tolling as inconsistent with principles of equity and intimating that negligence that rises above a "garden variety claim of excusable neglect" may warrant equitable tolling); *but see Cadet*, 853 F.2d at 1227 (interpreting *Maples v. Thomas*, 565 U.S. 266 (2012), as clarifying *Holland* to apply only to instances of attorney abandonment and that "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling"). Here, this distinction is inconsequential. Even if gross negligence could qualify as an "extraordinary circumstance," the record does not support such gross negligence on the part of the Petitioner's trial counsel. *Cf. Holland*, 560 U.S. at 653-54 (determining that counsel's failure to file the petitioner's petition and to timely inform him that the state supreme court had decided his case, despite the petitioner's attempts to reach his counsel, could potentially qualify as an "extraordinary circumstance"); *see also Lawrence v. Florida*, 540 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

limitations [for federal habeas petitions]. . . . [A]ny such requirement of actual notice would virtually eviscerate the statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n. 4 (11th Cir. 2007).

Accordingly, the Recommendation (Doc. 12) is **ADOPTED as amended**. The Respondent's Motion to Dismiss (Doc. 9) is **GRANTED** and the Petitioner's § 2254 petition is **DISMISSED**.

### CERTIFICATE OF APPEALABILITY

The Court can issue a Certificate of Appealability (COA) only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a COA, the Court must determine "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted). If a procedural ruling is involved, the petitioner must show "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner has not made these showings, and accordingly the COA is **DENIED**. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Any motion to proceed *in forma pauperis* on appeal is therefore also **DENIED**.

**SO ORDERED,** this 16th day of June, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT